UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE JENNINGS,

                       Petitioner,

     v.                                               9:23-CV-1618
                                                          (GTS/ML)
SUPERINTENDENT,

                       Respondent.
_____

APPEARANCES:                                   OF COUNSEL:

WILLIE JENNINGS
Petitioner, pro se
16-B-3733
Five Points Correctional Facility
Caller Box 19
Romulus, NY 14541

GLENN T. SUDDABY
United States District Judge

## DECISION and ORDER

      Petitioner Willie Jennings seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Upon an initial review of the pleading, the Court identified several deficiencies with the form and content of the petition. Dkt. No. 7, Decision and Order ("February Order"). Familiarity with the facts of the February Order is presumed.

      Specifically, petitioner was directed to file an amended pleading which (1) was signed; (2) articulated "[e]ach ground petitioner wants to raise in th[e federal habeas] proceeding, and the facts supporting it;" (3) clarified the procedural posture regarding what happened with his motion to vacate his conviction pursuant to New York Criminal Procedure

---

[1] Citations to the petition refers to the pagination generated by CM/ECF, the Court's electronic filing system.

Law § 440 ("440 motion") after the Appellate Division remitted the case back to the trial court to determine whether a conflict of interest was present and negatively impacted petitioner's representation; and (4) identified how his claims have been, or are being, exhausted in state court, especially the vague and ambiguous claim about which petitioner stated he was in the midst of filing another collateral challenge with the state courts and for which petitioner requested a stay.  February Order at 2-7.

Petitioner timely filed an amended pleading.  Dkt. No. 8, Amended Petition ("Am. Pet.").  In it, petitioner confirmed that he was challenging his 2016 conviction from Onondaga County, pursuant to a jury verdict, of first degree assault and third degree criminal possession of a weapon.  *Id.* at 1-3.  Further, petitioner argued that he was entitled to federal habeas relief because (1) his counsel was constitutionally ineffective due to a conflict of interest, *id.* at 5-7; and (2) petitioner's sentence was harsh and excessive, *id.* at 7-8.

However, petitioner failed to further elaborate on the outcome of his 440 motion which the Fourth Department remitted back to the trial court in May of 2021.  February Order at 2-3 (citing *People v. Jennings* (Appeal No. 2), 194 A.D.3d 1418, 1418-19 (4th Dep't 2021)).  Moreover, petitioner still contends that he intends to file a third, unidentified claim after he files another 440 motion and that a stay will be required to allow him to exhaust his remedies. *Compare* Pet. at 7 *with* Am. Pet. at 10, 12, 15.  Petitioner also references several attachments throughout the amended pleading, Am. Pet. at 3-4, 6; however, none of those documents were included with, or attached to, said pleading.

Therefore, petitioner has only partially complied with the February Order.  Given the special solicitude afforded to pro se litigants, petitioner will be given a second, and final, chance to file an amended petition outlining (1) the procedural history of his direct and

collateral state court challenges, specifically discussing the outcome of his 440 motion which was remitted back to the trial court in 2021, in order to allow the undersigned to confirm that the instant action is both timely filed and properly exhausted; and (2) the specific details of petitioner's third claim and the actions being taken to exhaust petitioner's state court remedies with respect to that claim.[2]

If petitioner is unwilling or unable to properly complete a second amended pleading which cures the deficiencies articulated in this Decision and Order, as well as the Court's prior February Order, then the Court will have to dismiss the instant action.  As petitioner was instructed in the February Order, timeliness of the filing and prior exhaustion of state court remedies is a prerequisite to applying for habeas relief.  February Order at 5-7 (quoting 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii)).  If the second amended petition again fails to properly demonstrate these things, "Habeas Corpus Rule 4 requires the Court to summarily dismiss the petition [because] . . . it plainly appears that the petitioner is not entitled to relief in the

---

[2] As was previously explained to petitioner in the February Order, an application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).  Petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, petitioner has explicitly indicated that his third unidentified claim is unexhausted because he has to return to state court and litigate its merits via a 440 motion.  Am. Pet. at 15.  However, there is another option.  It is the one the undersigned will choose in the event a second amended pleading is filed yet does not further expand upon the details or procedural posture of this third claim.  Petitioner could also choose to move forward with his amended petition alleging only the claims of ineffective assistance and a harsh and excessive sentence.

However, in that event, petitioner must be mindful because he seeks relief pursuant to section 2254.  Therefore, any potential future claims – like those in his 440 motion – are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or successive" section 2254 habeas petitions under subsection (b).  Petitioners are generally permitted to only file one section 2254 petition challenging a particular state court judgment.  Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals – in this case, the Second Circuit.  28 U.S.C. § 2244(b).  Because of these restrictions, if petitioner chooses to move forward with only the two claims which he has specifically articulated, he may forever lose the ability to bring the third claim, which he contends he still needs to exhaust, in federal court.

district court." *Simmons v. Sheahan*, No. 1:14-CV-3998, 2015 WL 5146149, at *3 (S.D.N.Y. Aug. 31, 2015) (quoting *Mayle v. Felix*, 545 U.S. 644, 545 (2005); Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 4) (internal quotation marks omitted)).

In sum, the Court will grant petitioner a final opportunity, within **thirty (30) days of this Order**, to file a second amended petition. Failure to do so will result in dismissal of this action without further Order of the Court.

**WHEREFORE**, it is

**ORDERED**, that the Clerk is respectfully requested to provide petitioner with a (1) blank § 2254 habeas form and (2) a courtesy copy of the February Order for his reference; and it is further

**ORDERED**, that petitioner is **directed to complete EVERY PART of the blank petition,** including the sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed. **Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application. If Petitioner alleges that exhaustion of state court remedies was unavailable to him, he must specifically explain how and why he was precluded from those remedies. Petitioner must specify ALL of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the second amended petition.

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

Dated: March 11, 2024

Glenn T. Suddaby
U.S. District Judge